1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and DENNIS STIFFLER, Revenue Officer, Internal Revenue Service, | ) ) ) |  1:07-cv-01290 OWW GSA
| | ) ) |
| Petitioners, | ) ) ) |  FINDINGS AND RECOMMENDATION REGARDING PETITION TO ENFORCE IRS SUMMONS
| v. | ) ) |  (Document 1)
| STEVE C. LAUBLY, | ) ) |
| Respondent. | ) ) ) ) ) ) ) |

_____ )

## INTRODUCTION

On September 4, 2007, the United States of America and revenue officer Dennis Stiffler, ("Petitioners") filed a petition to enforce an Internal Revenue Service ("IRS") summons issued to Steve C. Laubly ("Respondent"). Pursuant to Petitioners' request, on September 18, 2007, this Court issued an Order to Show Cause ("OSC") directing Respondent to appear on October 25, 2007, and to file and serve a written response to the petition by October 5, 2007. According to the proof of service, the OSC and the petition were served on Respondent on September 23, 2007.

On or about October 15, 2007, Respondent wrote a letter to the United States Attorney and the Court in which he asserted that he received the paperwork after the date set for service and for his responses and, therefore, he was unable to comply.

1

1    On October 19, 2007, Petitioners filed a reply in support of their petition.

2    On October 29, 2007, the order to show cause came on for hearing before the Honorable

3  Gary S. Austin, United States Magistrate Judge.  Kirk Sherriff and IRS revenue officer Dennis

4  Stiffler appeared on behalf of Petitioners.  Respondent appeared on behalf of himself.  After

5  argument, the Court continued the order to show cause hearing to December 7, 2007.  The Court

6  ordered that any opposition to the petition must be filed by Respondent no later than November

7  15, 2007, and that any reply must be filed by Petitioners no later than November 26, 2007.

8    On November 16, 2007, a document entitled "Response to Petition to Enforce IRS

9  Summons" was filed by Bernadette Laubly in this matter.  The response purported to address a

10  petition filed by the United States and Danny Gathright.

11    On November 23, 2007, Petitioners filed a reply in support of the petition.

12    On December 7, 2007, the order to show cause again came on for hearing before the

13  Honorable Gary S. Austin.  Kimberly Gaab and IRS revenue officer Dennis Stiffler appeared on

14  behalf of Petitioners.  Respondent appeared on behalf of himself.  After argument, the matter was

15  submitted to the Court.  The Court discharged the order to show cause.

16                                  DISCUSSION

17                            **Summons Enforcement**

18    Petitioners seek to enforce the IRS summons issued to Steve C. Laubly.  The IRS has

19  broad investigatory powers under the Internal Revenue Code.  *See* 26 U.S.C. §§ 7601-7613.

20  Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of

21  "books, papers, records or other data which may be relevant or material" to an inquiry for the

22  purpose of "ascertaining the correctness of any return, making a return where none has been

23  made" and "determining" and "collecting" tax liability.  The IRS may issue a summons to

24  investigate "merely on suspicion that the law is being violated, or even because it wants

25  assurance that it is not."  *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting

26  *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

27    To enforce an IRS summons, the government must establish a *prima facie* case ("*Powell*

28  requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate

                                        2

purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995). The government's burden is a slight one and may be satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)). The taxpayer then may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of the court's process. *Gilleran*, 992 F.2d at 233.

Here, Dennis Stiffler declared that he is a duly commissioned Revenue Officer for the IRS, he is conducting an investigation of Respondent to determine financial information for the collection of assessed income tax liabilities for the taxable years 1997, 1998, 2000 and 2001 and he is informed and believes that Respondent has knowledge that could aid in carrying out his investigation. Declaration of Dennis Stiffler in Support of Petition to Enforce Internal Revenue Service Summons ("Stiffler Declaration"), ¶¶ 1-2, 10. Revenue Officer Stiffler confirmed that he complied with IRS administrative steps. Stiffler Declaration, ¶¶ 3,8. He issued and served a summons at the last and usual place of abode of Respondent, which is an appropriate method of service pursuant to section 7603, subsection (a). Stiffler Declaration, ¶¶ 3-4. In addition, he declared that the IRS lacks possession of the records sought by the summons and that there has been no referral of Respondent for criminal prosecution for the pertinent tax years 1997, 1998, 2000 and 2001. Stiffler Declaration, ¶¶ 7, 9.

Petitioners have thus established that the summons was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A *prima facie* case has been made.

Respondent has not submitted any evidence of bad faith or improper purpose to rebut the *prima facie* case. Although a response was filed in this matter, it did not relate to the present

1   petition.  Instead, the response was filed on November 16, 2007, by Bernadette Laubly in

2   opposition to the alleged actions of an individual identified as Danny Gathright.  Neither

3   Bernadette Laubly nor Danny Gathright are parties to the present action.  In addition, pursuant to

4   this Court's order of October 29, 2007, Respondent was directed to file any opposition to the

5   petition by November 15, 2007, and was informed that issues not brought into controversy by the

6   responsive pleadings and supported by declaration would not be considered by the Court.

7   Respondent did not file a responsive pleading.  Accordingly, the Court finds that enforcement of

8   the IRS summons should be ordered.

9                                    **RECOMMENDATION**

10          For the reasons discussed above, the Court RECOMMENDS to

11   1.       GRANT the petition to enforce the IRS summons filed by Petitioners; and

12   2.       ORDER Respondent to appear in obedience to the summons on February 26,

13             2008, at 10:00 a.m. at the IRS Office located at 5104 N. Blythe Avenue, Fresno,

14             California.

15          These findings and recommendation are submitted to the United States District Judge

16   assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.

17   Within fifteen (15) court days of service of this recommendation, any party may file written

18   objections to these findings and recommendation with the Court and serve a copy on all parties.

19   Such a document should be captioned "Objections to Magistrate Judge's Findings and

20   Recommendation."  The district judge will review the magistrate judge's findings and

21   recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

22   objections within the specified time may waive the right to appeal the district judge's order.

23   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

24

25          IT IS SO ORDERED.

26   **Dated:    December 11, 2007**                        **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE

27

28

                                                   4